UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AGUSTIN GARCIA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 23-2877 (BRM) (JSA) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CORRECTIONAL MEDICAL SERVICE INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff *pro se* prisoner Agustin Garcia's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 6 at 5-33).  The Court denied Plaintiff's previous IFP application. (ECF No. 5.) Petitioner has filed a renewed IFP application. (ECF No. 6.) Based on his affidavit of indigence (*id.*), the Court grants him leave to proceed IFP.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, and for good cause appearing, the Complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. Plaintiff is a prisoner housed at East Jersey State Prison, in Rahway, New Jersey. Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Defendants (1) Correctional Medical Services, Inc. ("CMS"), (2) Patrick A. Nogan, (3) Ralph Woodward, M.D., (4) Barrington

Lynch, M.D., (5) Saint Francis Medical Center ("Saint Francis"), (6) Russell M. Fried, (7) Swarnalatha Asokan, M.D., (8) Shella K. Mongia, (9) Rehan Shah, (10) Eric Osgood, (11) Deep Trivedi, (12) Grace Agbonito, (13) Debra Wamba, (14) University Correctional Health ("UCH"), (15) University of Medicine & Dentistry of New Jersey ("UMDNJ"); (16) Office of the Attorney General of New Jersey, and (17) John and Jane Does 1-30. (ECF No. 1 at 10-11.)

According to the Complaint, Defendants were deliberately indifferent to Plaintiff's health needs. Plaintiff submits that on May 31, 2022, June 4, 2022, June 12, 2022, and July 6, 2022, he notified State and Medical Defendants he was "experiencing symptoms including but not limited to constant bleeding in urine, severe left testicle inflammation with unbearable pain, drastic los[s] of weigh[t], and lack of energy." (*Id.* at 16.) Despite Plaintiff's request for a urological consultation, neither the State or Medical Defendants permitted or arranged for Plaintiff to be evaluated by a urologist until June 20, 2022. (*Id.*)

On or around June 4, 2022, Plaintiff underwent hemorrhoid[1] surgery at Saint Francis Medical Center. (*Id.*) Plaintiff complained about his testicle inflammation to Defendant Shah, who performed a superficial examination and indicated, "I am flagging medical department at East Jersey State Prison pertaining left testicle assessment finding." (*Id.*) Upon return to East Jersey State Prison, Plaintiff was admitted to the medical department over the weekend due to the unavailability of a medical doctor to discharge him into population. (*Id.*) While in the infirmary, Plaintiff complained to every medical personal regarding his left testicle. (*Id.* at 16–17.) On or about June 13, 2022, Plaintiff submitted a sick call. (*Id.* at 17.) On or about June 16, 2022, Plaintiff had blood drawn and the results were abnormal. (*Id.*) On June 20, 2022, Plaintiff was evaluated by

---

[1] The Complaint submits Plaintiff underwent "herrorrhoid" surgery. The Court assumes for the purposes of this Opinion that Plaintiff intended to write hemorrhoid.

Defendant Fried through a telemedicine consultation and the impression was recorded as a "urinary tract infection causing left epididymitis." (*Id.* at 17–18.) Defendant Fried started Plaintiff on antibiotics that day. (*Id.* at 18.) On June 30, 2022, an ultrasound was performed. (*Id.*) On July 7, 2022, Plaintiff underwent surgery at Saint Francis Medical Center, which resulted in the removal of his left testicle due to chronic infection. (*Id.* at 18–19.)

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir.

3

2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed,

"pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v.*

*Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DECISION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding for
> redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation

of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### A. Denial of Medical Care

The Eighth Amendment prohibits the states from inflicting "cruel and unusual

punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981).

This proscription against cruel and unusual punishment requires prison officials provide inmates

with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In order to set forth a

cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a

serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate

indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate his medical

needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show prison officials acted with deliberate indifference to his serious medical need. The test for "deliberate indifference" requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Id.* at 837–38. Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.2d at 110.

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue

suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met.... Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.

*Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346 (citations omitted).

### 1. Defendants Shah and Fried

Plaintiff alleges that Defendant Shah performed a superficial examination of Plaintiff's testicle and indicated, "I am flagging medical department at East Jersey State Prison pertaining left testicle assessment finding." (ECF No. 1 at 16.) Plaintiff submits he was evaluated by Defendant Fried through a telemedicine consultation and the impression was recorded as a "urinary tract infection causing left epididymitis." (*Id.* at 17–18.) Defendant Fried started Plaintiff on antibiotics that day. (*Id.* at 18.)

Plaintiff has not stated facts to support an Eighth Amendment deliberate indifference claim against Defendants Shah and Fried. Defendant Shah indicated that he would be informing East Jersey State Prison regarding his findings and Plaintiff does not allege that he failed to do so. Defendant Fried diagnosed Plaintiff with a urinary tract infection and started Plaintiff on antibiotics the same day.  There are no facts alleged to show that Defendants Shah and Fried were aware of an excessive risk to Plaintiff and disregarded said risk. *Farmer*, 511 U.S. at 837. Negligence in treatment "does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. The Eighth Amendment § 1983 claim for inadequate medical care against Defendants Shah and Fried is dismiss without prejudice.

### 2. State and Medical Defendants

Plaintiff alleges generally he complained on various occasions to the State and Medical

Defendants regarding his symptoms and they were deliberately indifferent. (ECF No. 1 at 15–16.)

Plaintiff raises these issues against the state and medical defendants collectively and fails to allege specific facts against particular defendants. This group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (finding dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 WL 1163751 at * 3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. Any Eighth Amendment denial of medical care claim raised generally against the state and medical defendants is dismissed.

### 3. Defendant Patrick Nogan

Plaintiff alleges Defendant Nogan is the administrator of East Jersey State Prison and is responsible for the care, custody, and treatment of Plaintiff. (ECF No. 1 at 11, 14.)

Supervisors are not vicariously liable for their subordinates' acts. *See Rode*, 845 F.2d at 1207. Supervisory liability is allowed, however, if the supervisors: (1) "established and maintained a policy, practice or custom which directly caused the constitutional harm"; or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Plaintiff fails to cite to any policy, practice, or custom. While

Plaintiff fails to allege any facts that Defendant Nogan maintained or established a policy that violated his constitutional rights.  Plaintiff also fails to state any facts that would support a claim that Defendant Nogan personally participated in violating Plaintiff's rights. Without further information, these claims cannot proceed and are dismissed. *See Iqbal*, 556 U.S. at 678.

### 4. Defendants CMS, USH, UMDNJ, and Saint Francis Medical Center

Plaintiff also fails to state a valid Eighth Amendment claim against Defendants CMS, USH, UMDNJ and Saint Francis Medical Center.

The Third Circuit has said:

> To bring a § 1983 claim against a local government or government entity (including a private corporation, like CMC, that is alleged to be acting under color of state law, *see Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir.2003)) for the actions of an employee of one of those entities, a plaintiff cannot rely upon respondeat superior liability, but he must show that the entity had a policy or custom that caused his deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law." *Natale*, 318 F.3d at 584 (alteration in original) (citation and internal quotation marks omitted). A policy or custom can be established in three ways: (1) the entity or supervisor promulgates an applicable policy statement and the act the plaintiff complains of is the implementation of that policy; (2) the policymaker, without a formally announced policy, violates federal law itself; or (3) the "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Id.*

*Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 176–77 (3d Cir. 2013) (internal quotation marks omitted).

Here, Plaintiff would need to provide facts showing that Defendants CMS, USH, UMDNJ, and Saint Francis Medical Center had a relevant policy or custom, and that the policy or custom caused the constitutional violation he alleges. *See id.* (considering standard of proof at summary judgment) (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff fails to cite to any policy or custom. Because Plaintiff has not provided facts to suggest that a policy or custom of Defendants CMS, USH, UMDNJ, and St. Francis Medical Center caused the constitutional violation, he fails to state a claim for relief against this entity Defendants.[2]

### 5. Attorney General's Office for the State of New Jersey

Plaintiff names the New Jersey Attorney General's Office as a Defendant. State agencies are not "persons" within the meaning of § 1983 because a § 1983 suit against a state official's office is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *see also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977). Accordingly, the claims against Office of the Attorney General for the State of New Jersey are dismissed.

## IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[3] Because it is conceivable Plaintiff may be able to supplement his pleading with

---

[2] Based on the Complaint, it is also unclear if Defendant St. Francis Medical Center is a state actor. *See, e.g., Villegas v. Correctional Medical Services, Inc.*, No. 14-7337, 2016 WL 3708218, at *3 (D.N.J. Apr. 9, 2012) (dismissing St. Francis Medical Center as a non-state actor).

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

facts sufficient to overcome the deficiencies noted herein, Plaintiff is granted leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: August 15, 2023

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**