**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AGUSTIN GARCIA,<br>Plaintiff,<br>v.<br>PATRICK A. NOGAN, *et al.*,<br>Defendants. | Case No. 2:23-cv-02877 (BRM) (JSA)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Motions for Judgment on the Pleadings filed by Defendants Barrington Lynch, M.D. ("Lynch"), Swarnalatha Asokan, M.D. ("Asokan"), Russell Freid, M.D. ("Fried"), Grace Agbonifo, R.N. ("Agbonifo"),[1] Rehan Shah, M.D. ("Shah"), Rutgers the State University of New Jersey ("Rutgers"),[2] and Saint Francis Medical Center ("St. Francis") (collectively, "Defendants") seeking to dismiss Plaintiff Agustin Garcia's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) ("Rule 12(c) Motions").[3] (ECF Nos. 90, 92, and 94.) Plaintiff filed an Opposition to Rutgers, Lynch, Asokan, and

[1] Agbonifo submits that she was improperly pled as Grace Agbonito. (ECF No. 140 at 7.) As such, the Court will refer to this defendant as Agbonifo.

[2] On June 29, 2026, the Court ordered that Rutgers was substituted for Defendant University Correctional Health Care, as Rutgers was the correct legal entity to be named in this matter. (*See* ECF No. 141.)

[3] Rutgers, Lynch, Asokan, Agbonifo, and Fried filed their motions as Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* ECF Nos. 90, 94.) As these motions were filed after the defendants filed an answer to the Amended Complaint, the Court construes the motions as Motions for Judgment on the Pleading pursuant to Federal Rule of Civil Procedure 12(c).

Agbonifo's Motion for Judgment on the Pleadings. (ECF No. 126.) Also before the Court is Defendant Patrick A. Nogan's ("Nogan") Motion to Dismiss pursuant to Rule 12(b)(6) ("Nogan Motion") (together, the Rule 12(c) Motions and the Nogan Motion are referred to as "Motions"). (ECF No. 70.) Having reviewed and considered the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause shown, the Motions are **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND[4]

Plaintiff, an inmate at East Jersey State Prison ("EJSP") filed his Amended Complaint on December 6, 2024. (ECF No. 27.) In his Amended Complaint, Plaintiff names the following Defendants: (1) Lynch, (2) Asokan, (3) Debra Wamba, R.N. ("Wamba"), (4) Ms. Hannah, R.N. ("Hannah"), (5) Fried, (6) Deep Trivedi, M.D. ("Trivedi"), (7) Agbonifo, (8) Shah, (9) Nogan, (10) Rutgers, and (11) St. Francis.[5] (*See id.*)

Plaintiff submits that from May 2022 through July 2022, he suffered from a left testicle infection "that cause[d] him constant bleeding in [his] urine, severe inflammation of the left testicle with unbearable pain, drastic loss of weigh[t], and lack of energy." (*Id.* at 6.) Plaintiff claims during that period of time, he informed Lynch, Asokan, Wamba, Hannah, Agbonifo, and Fried of his symptoms and history of testicle infection. (*Id.*) Plaintiff submits that all the Defendants examined Plaintiff and told him there "was nothing wrong with his left testicle, and that the symptoms only required him to drink a lot of water and keep taking antibiotics." (*Id.*) Defendants "refused to refer

---

[4] For the purposes of these Motions, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in the facts alleged in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[5] Wamba did not file a motion to dismiss, and it does not appear Hannah has been served in this matter.

Plaintiff to a hospital for urgently required meaningful examination." (*Id.* at 7.) Following an ultrasound on June 30, 2022, Plaintiff underwent a left orchiectomy. (*Id.* at 23–25.) Plaintiff alleges on July 7, 2022, St. Francis staff performed the left testicle removal without Plaintiff's informed voluntary consent. (*Id.* at 16.)

Plaintiff alleges Defendants refused to send him to the hospital to save money based on a custom and practice. (*Id.*) Plaintiff claims Nogan, as Administrator of EJSP, "implemented and/or supervised [a] medical provision system . . . tailored to deny prisoners timely critically needed medical care." (*Id.* at 12–13.)

The Amended Complaint raises the following claims: (1) Eighth Amendment deliberate indifference (count one); (2) Negligence (count two); and (3) Medical Malpractice (count three). (*Id.* at 16–30.)

On May 25, 2023, Plaintiff filed his initial complaint. (ECF No. 1.) On December 6, 2024, Plaintiff filed his Amended Complaint. (ECF No. 27.) On July 11, 2025, the Court granted Plaintiff's motion for appointment of *pro bono* counsel, and counsel was appointed on August 5, 2025. (ECF Nos. 62, 73.)

On July 28, 2025, Nogan filed his Motion to Dismiss seeking dismissal of all counts based on Plaintiff's failure to state a claim. (*See* ECF No. 70.) On October 30, 2025, Rutgers, Lynch, Asokan, and Agbonifo filed a Motion for Judgment on the Pleadings seeking dismissal of counts two and three of the Amended Complaint based on Plaintiff's failure to file a notice under the New Jersey Tort Claims Act ("NJTCA"). (*See* ECF No. 90.) On November 10, 2025, St. Francis and Shah filed a Motion for Judgment on the Pleadings, seeking dismissal of counts two and three based on Plaintiff's failure to file a notice of under the NJTCA and an Affidavit of Merit. (*See* ECF No. 92.) St. Francis and Shah also argue count one should be dismissed as they are not state

actors and Plaintiff has failed to state an Eighth Amendment claim. (*See id.*) On December 2, 2025, Freid filed a Motion for Judgment on the Pleadings, seeking dismissal of Plaintiff's second and third counts based on Plaintiff's failure to file an Affidavit of Merit as to Freid. (*See* ECF No. 94.) Fried also indicated he was joining his co-defendants in their arguments regarding Plaintiff's failure to file a notice pursuant to the NJTCA and argued he is not a state actor under the color of state law. (*See id.*)

On December 15, 2025, the Court granted Plaintiff's request for a 45-day extension to oppose the Motions and file an Affidavit of Merit. (ECF Nos. 98, 99.) On December 16, 2025, the Court administratively terminated Defendants' Motions. (ECF No. 102.)

On February 5, 2026, Rutgers, Lynch, Asokan, and Agbonifo moved to reopen their Motion. (ECF No. 106.) The Court granted the request the next day. (ECF No. 107.) On February 6, 2026, Plaintiff asked for a 30-day extension to file a Tort Claim Notice. (ECF No. 108.) On February 9, 2026, the Court granted Plaintiff's extension request, which allowed Plaintiff to file a Tort Claim Notice by March 11, 2026. (ECF No. 111.) On February 13, 2026, Freid moved to reopen his motion. (ECF No. 112.) On the same day, Plaintiff sought another 30-day extension to file an Affidavit of Merit, which the Court granted on February 17, 2026. (ECF Nos. 113, 114.) On March 11, 2026, Nogan moved to reopen his Motion to Dismiss. (ECF No. 117.)

On March 13, 2026, Plaintiff filed a letter opposition to Defendants' motions seeking dismissal for failure to provide a tort claim notice, attaching Notices of Tort Claims as to Rutgers, Lynch, Asokan, Agbonifo, Wamba, Hannah, St. Francis, Shah, Trivedi, and Fried. (ECF Nos. 126-1, 126-2, and 126-3.) Plaintiff did not file an opposition to any of Defendants' motions regarding any other argument. (*See generally* ECF No. 126.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and then quoting Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual

enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) "no material issue of fact remains to be resolved"; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, Civ. A. No. 12-7206, 2014 WL 4418059, at *1 (D.N.J. Sept. 8,

2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim." (citing *Turbe v. Gov't of V.I.,* 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014))).

## III. Decision

Rutgers, Lynch, Asokan, and Agbonifo argue counts two and three should be dismissed for failure to file a notice under the NJTCA. (*See* ECF No. 90.) St. Francis and Shah argue (1) count one should be dismissed as they are not state actors and Plaintiff has failed to state an Eighth Amendment claim, and (2) counts two and three should be dismissed for failure to file a timely tort claim notice and failure to file an affidavit of merit. (*See* ECF No. 92.) Freid moves for dismissal of counts two and three arguing they should be dismissed based on Plaintiff's failure to file an affidavit of merit; Fried also joins the other Defendants in their arguments regarding failure to file a notice under the NJTCA, and he argues he is not a state actor. (*See* ECF No. 94.) Nogan moves for dismissal of the Amended Complaint in its entirety, arguing the Amended Complaint fails to state a claim for relief. (*See* ECF No. 70.)

### A. Rutgers, Lynch, Asokan, Agbonifo, and Fried's Motions - Failure to File a Notice Under the NJTCA - Counts Two and Three

Rutgers, Lynch, Asokan, Agbonifo, and Fried move for dismissal of Petitioner's negligence (count two) and medical malpractice (count three) claims because Plaintiff failed to comply with New Jersey law requiring Plaintiff to serve Defendants a notice of tort claim.[6] (ECF Nos. 90, 94.) The Court agrees and dismisses counts two and three of the Amended Complaint.

[6] St. Francis and Shah also move for dismissal of counts two and three of the Amended Complaint based on Plaintiff's untimely tort claim notice. (ECF No. 92.) However, the notice provisions of the NJTCA do not require courts to treat private independent contractors to a governmental agency as a public entity that must be served with tort claims notices as a precondition to them being sued.

Under New Jersey law, "no action shall be brought against a public entity or public employee under [the NJTCA] . . . unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J. Stat. Ann. § 59:8-3. The NJTCA requires plaintiffs to file a notice of tort claim with the public entity being sued within 90 days of the incident and to wait for a response before filing a lawsuit. N.J. Stat. Ann. § 59:8-8(a). The notice requirement is "a jurisdictional precondition to filing suit," *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004) (quoting *Bonitsis v. N.J. Inst. of Tech.*, 833 A.2d 679, 685 (N.J. Super. Ct. App. Div. 2003)), and suits that do not comply with the notice provision are "forever barred from recovering against a public entity or public employee," N.J. Stat. Ann. § 59:8-8; *see also Guzman v. City of Perth Amboy*, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986) ("Timely statutory notice is a prerequisite."). However, a plaintiff may be permitted to file a late notice of tort claim by making a motion to the court that is "supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary

---

N.J. Stat. Ann. §§ 59:8-8, 59:8-9; *Gomes v. Cnty. of Monmouth*, 134 A.3d 33 (N.J. Super. Ct. App. Div. 2016). As St. Francis and Shah submit that they are a private entity and contractor, their motion is denied as to this argument.

Additionally, St. Francis, Shah, and Fried's motions move for dismissal of Plaintiff's counts two and three based on the argument that Plaintiff failed to file an affidavit of merit. (*See* ECF Nos. 92, 94.) The Third Circuit has found an affidavit of merit is not a pleading requirement, and accordingly, a defendant seeking dismissal of a claim based on the failure to file an affidavit of merit must do so in a motion for summary judgment. *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303, 303 n.13 (3d Cir. 2012) (finding "the affidavit of merit is not a pleading requirement" and requiring that a defendant "seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit" to "file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)"). Accordingly, St. Francis, Shah, and Fried's motions (ECF Nos. 92, 94) are denied as to this argument.

circumstances for his failure to file" a timely notice of tort claim within a year of the incident. N.J. Stat. Ann. § 59:8-9.

Rutgers, Lynch, Asokan, Agbonifo, and Fried argue Plaintiff failed to file a timely notice of tort claim. These Defendants argue Plaintiff unequivocally knew of his medical malpractice and negligence cause of actions by May 25, 2023, when he filed his initial complaint. (ECF No. 90-2 at 6.) Defendants noted even following the Court's February 9, 2026 thirty-day extension from Court, Plaintiff still failed to file responsive documents by the March 11, 2026 deadline. (ECF No. 145 at 3.) Defendants argue almost four years after the alleged cause of action arose, Plaintiff forwarded a late Tort Claims Notice on March 13, 2026. (*Id.*)

Plaintiff filed on the docket Notices of Tort Claims on March 13, 2026, as his opposition to the Motions. (ECF Nos. 123, 126.)

N.J. Stat. Ann. § 59:8-9 establishes an exception to the requirement that a claimant file a Notice of Claim within 90 days from the date of accrual. Section 59:8-9 "allows a court to extend the notice period up to one year if the public entity or employee would not be 'substantially prejudiced' by the delay and the claimant shows 'extraordinary circumstances for his failure to file notice' within the proper time period." *Rolax v. Whitman*, 53 F. App'x 635, 638 (3d Cir. 2002) (quoting N.J. Stat. Ann. § 59:8-9). "After the one-year limitation has passed, 'the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail.'" *Pilonero v. Twp. of Old Bridge*, 566 A.2d 546, 548 (N.J. Super. Ct. App. Div. 1989) (quoting *Speer v. Armstrong*, 402 A.2d 963, 965 (N.J. Super. Ct. App. Div. 1979)). Even considering that on February 9, 2026, the Court granted appointed counsel a final thirty-day extension to file tort claim notices, Plaintiff still failed to file the notices by the March 11, 2026 deadline. Plaintiff did not file the notices of claim until March 13, 2026, well after the one-year

time period in which Plaintiff could have motioned to file a late notice expired and after the time given in the Court's extension. Accordingly, Rutgers, Lynch, Asokan, Agbonifo, and Fried's motions are granted as to this issue and Petitioner's negligence (count two) and medical malpractice (count three) claims of the Amended Complaint are dismissed with prejudice as to these Defendants as time barred by the NJTCA.[7] *See* N.J. Stat. Ann. §§ 59:8-3, 59:8-8.

### B. Defendants St. Francis, Shah, and Fried's Motions - Failure to State an Eighth Amendment Claim - Count One

St. Francis, Shah, and Fried move for dismissal of Plaintiff's Eighth Amendment deliberate indifference to Plaintiff's medical needs claim (count one). (ECF No. 92-1 at 6–7; ECF No. 94-3 at 4–6.) These Defendants argue Plaintiff's Amended Complaint fails to allege facts to state a deliberate indifference claim. (*Id.*)

In order to state a plausible claim for relief based on inadequate medical care under the Eighth Amendment, a plaintiff must allege facts indicating the defendant was deliberately indifferent to his medical needs. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (first quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore requires more than mere negligence. S*ee King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008). A medical need will be considered sufficiently serious to support a constitutional claim where that need "has been diagnosed by a physician as requiring treatment or [is] one that is so obvious that a lay person would easily recognize the necessity for a doctor's

[7] The Court also dismisses Plaintiff's tort claims against Nogan as he is a public employee, and Plaintiff also failed to file a timely notice of tort claim as to Nogan.

attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quoting *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979)). Where a prisoner has received at least some treatment, he may generally not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

**1. Defendants St. Francis and Shah**

In his Amended Complaint, Plaintiff alleges St. Francis and Shah were deliberately indifferent by removing his left testicle without informed consent. (*See generally* ECF No. 27.) The Amended Complaint alleges on June 4, 2022, Plaintiff underwent hemorrhoid surgery at St. Francis Medical Center and at that time he complained to Shah regarding his left testicle inflammation. (*Id.* at 20.) Shah "performed superficial testing or examination" and indicated he was "flagging [the] medical department at East Jersey State Prison pertaining [to his] left testicle assessment." (*Id.*) Plaintiff submits that on July 7, 2022, Plaintiff was taken to St. Francis Medical Center "due to severe left testicle inflammation." (*Id.* at 16.) Plaintiff alleges St. Francis medical staff performed left testicle removal without first obtaining Plaintiff's informed voluntary consent. (*Id.*) Plaintiff has pled facts showing these Defendants examined and provided treatment to Plaintiff. These facts do not suggest deliberated indifference on the part of St. Francis and Shah, who provided Plaintiff with treatment, even if Plaintiff disagrees with the treatment provided. Plaintiff therefore fails to state a plausible claim for deliberate indifference against St. Francis and Shah. Their motion is granted as to this issue, and Plaintiff's Eighth Amendment claim (count one) against them is dismissed without prejudice for failure to state a claim for which relief may be granted.

**2. Defendant Fried**

In the Amended Complaint, Plaintiff submits that Fried was deliberately indifferent to Plaintiff's medical needs. The only specific allegation against Fried pertains to the urology telemedicine consultation on June 20, 2022. (ECF No. 27 at 21–22.) Plaintiff submits that on June 20, 2022, he was referred to Fried for a urology telemedicine consultation. (*Id.*) Plaintiff acknowledges Fried noted Plaintiff had progressive left sided scrotal swelling and discomfort. (*Id.* at 22.) Fried found Plaintiff's urinalysis "strongly suggest[ed] an UTI." (*Id.*) Fried observed Plaintiff was taking Cipro and there was a slight improvement. (*Id.*) Fried performed an examination through telemedicine and noted there was no drainage and did not appear to be fluctuance. (*Id.*) The impression provided was male with history of prostate cancer and diabetes, with a urinary tract infection causing left epididymitis. (*Id.*) Fried concluded a 10-day dose of Cipro was appropriate and recommended using an ice pack each day and ibuprofen. (ECF No. 13-2 at 19.) Finally, Fried noted Plaintiff was scheduled for an upcoming ultrasound and could follow up with a urology telemedicine visit in one month or sooner if needed. (*Id.*)

Based on these facts, Fried saw Plaintiff for a telemedicine visit, performed an examination, reviewed Plaintiff's records, noted Plaintiff was due for an ultrasound, and recommended Plaintiff continue with his antibiotic and come back for a follow-up appointment if necessary. The facts pled in the Amended Complaint do not indicate Fried disregarded an excessive risk to Plaintiff's health, nor does Plaintiff submit facts showing Fried intentionally delayed or denied Plaintiff treatment. Accordingly, even accepting Plaintiff's allegations as true and construing them liberally, the Amended Complaint fails to plausibly allege deliberate indifference to a serious medical need in violation of the Eighth Amendment by Fried. Plaintiff's Eighth Amendment claim against Fried is therefore dismissed without prejudice.

**C. Defendant Nogan's Motion - Failure to State Claim Upon Which Relief Can be Granted**

Nogan moves to dismiss Plaintiff's Eighth Amendment deliberate indifference and negligence claims that are raised against him. (*See* ECF No. 70.) Nogan argues he is entitled to dismissal of Plaintiff's deliberate indifference and negligence claims against him in his official capacity for monetary damages because he is immune from suit pursuant to the Eleventh Amendment, and he is not a "person" amenable to suit under 42 U.S.C. § 1983. (ECF No. 70-1 at 13–16.) Nogan also argues he is entitled to dismissal of Plaintiff's Eighth Amendment claim in his individual capacity as the Amended Complaint fails to state claim upon which relief may be granted. (*Id.* at 16–22.)

**1. Eleventh Amendment Immunity and "Persons" Amenable to Suit under Section 1983**

Absent a clear waiver by a state of its Eleventh Amendment immunity or a congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by a private individual against a state. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Allen v. N.J. State Police*, 974 F.3d 497, 504 (3d Cir. 2020). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp.*, 465 U.S. at 100. It extends to the State itself, as well as "State-affiliated entities," *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018), and State officials acting in their official capacities, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating "neither a State nor its officials acting in their official capacities" may be sued under 42 U.S.C. § 1983).

Nogan, as administrator of EJSP, was employed by the Department of Corrections at the time relevant to this matter. Plaintiff's official-capacity claims for money damages against Nogan, therefore, are barred by the Eleventh Amendment, and the Court lacks jurisdiction over them. *See*

*Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985) (holding claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment).

These claims also fail because Nogan in his official capacity is not a "person" amenable to suit under Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of [Section] 1983."); *McNair v. New Jersey*, No. 2:21-CV-1291, 2022 WL 2967295, at *2–3 (D.N.J. July 27, 2022) (determining the State, the New Jersey Department of Corrections ("DOC"), and Commissioner Hicks in his official capacity "are plainly not 'persons' amenable to suit under [Section] 1983"); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697–98 (D.N.J. 2014) (the State, the DOC, and named DOC officers in their official capacity are not "persons" subject to suit under Section 1983). Therefore, to the extent Plaintiff brings claims against Nogan in his official capacity under Section 1983 for deliberate indifference to Plaintiff's serious medical needs, such claims are dismissed.[8]

**2. Failure to State an Eighth Amendment Supervisory Liability Claim**

Nogan moves for dismissal of Plaintiff's Eighth Amendment deliberate indifference claim (count one) against Defendant in his individual capacity, arguing Plaintiff was under the care of medical professionals for the relevant time period and therefore Plaintiff cannot show Nogan was deliberately indifferent to his medical needs. (ECF No. 70-1 at 16–22.) Nogan argues the Amended Complaint does not allege facts showing he was involved in Plaintiff's medical treatment.

[8] On the other hand, "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *see also Fox v. Bayside State Prison*, 726 F. App'x 865, 868 (3d Cir. 2018) ("In their individual capacities, [a prison administrator] and [DOC commissioner] are unprotected by sovereign immunity and subject to suit under 42 U.S.C. § 1983."). Therefore, Nogan in his individual capacity can be held liable for violations of Plaintiff's civil rights which he caused while acting under the color of state law.

Plaintiff does not allege Nogan personally participated in the alleged deliberate indifference to his medical needs. Rather, the Court proceeded a claim against Nogan in his supervisory capacity as administrator. The Amended Complaint alleges the DOC implemented and/or supervised the medical system that was tailored to deny prisoners timely critically needed medical care, including but not limited to:

> (1) lack of responsive timely answers to prisoners' Remedy Forms; (2) unreasonably delaying testing and treatment; (3) failing to provide meaningful information to prisoners of prescribed medication side effects, while at same time delivering to prisoners generic medication void of any literature pertaining to medication content and/or side effects; (4) arbitrarily discontinuing prescribed medication without any intervening laboratory nor medical consult; (5) failing to deliver prescribed medication; (6) conditioning provision of medical care to availability of funds outside NJDOC, i.e., Medicare Fund . . . ; (7) prescribing and delivering to prisoners medication known to trigger testicle infection, without ever warning prisoners of medication generic side effects, while at same time failing to monitor possible adverse reaction; (8) routinely referring prisoners to Saint Francis Medical Service and University Correctional Health without medical record required for meaningful medical examination, assessment, evaluation, testing and treatment; (9) failing to diligently seek discharge record from institutional medical providers upon return of prisoners from Saint Francis Medical Service and University Correctional Health to effectively comply with prescribed follow up.

(ECF No. 27 at 15.)

Two theories of supervisory liability are available under Section 1983. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Under the first theory, higher-ups "can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). To satisfy the pleading standard, the complaint must "identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009). Under the second theory, a supervisor may be held liable when "he

or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K.*, 372 F.3d at 586. Knowledge, for these purposes, means "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000) (quoting *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997)).

Here, the Amended Complaint alleges the DOC maintains the above policies which resulted in Plaintiff's Eighth Amendment deliberate indifference claim. Nogan's motion fails to move for dismissal of Plaintiff's Eighth Amendment claim under a supervisory liability theory, which is the claim that was proceeded. Accordingly, Nogan's motion is denied as to Plaintiff's Eighth Amendment deliberate indifference claim.

## IV. CONCLUSION

Based on the foregoing, Nogan's Motion (ECF No. 70) is **GRANTED** in part and **DENIED** in part. Counts Two and Three of the Amended Complaint are **DISMISSED** with prejudice, Count One against Nogan in his official capacity for monetary damages is **DISMISSED** with prejudice, and Count One against Nogan in his individual capacity remains. Rutgers, Lynch, Asokan, and Agbonifo's Motion (ECF No. 90) is **GRANTED** and Plaintiff's Counts Two and Three are **DISMISSED** with prejudice as to Rutgers, Lynch, Asokan, and Agbonifo. St. Francis and Shah's Motion (ECF No. 92) is **GRANTED** in part and **DENIED** in part. Count One is **DISMISSED** without prejudice as to St. Francis and Shah and Counts Two and Three remain. Fried's Motion (ECF No. 94) is **GRANTED**, and the Amended Complaint is **DISMISSED** as to Fried. Accordingly, Count One remains against Nogan in his individual capacity, and against Rutgers, Lynch, Asokan, and Agbonifo, and Count Two remains against St. Francis and Shah.

An appropriate order accompanies this Opinion.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 19, 2026